```
___ FILED        ___ RECEIVED
___ ENTERED      ___ SERVED ON
     COUNSEL/PARTIES OF RECORD

         OCT - 9 2019

   CLERK US DISTRICT COURT
     DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE: HCV PRISON LITIGATION | Master File No.<br>3:19-cv-00577-MMD-CBC |
| This document related to:<br><br>**ALL CASES** | **PRE-TRIAL ORDER # 1:**<br>**Initial Case Conference** |

The lawsuits identified in Attachment "1" are pending before this court and have been assigned to the Honorable Miranda M. Du and the undersigned Magistrate Judge. Each case was originally filed by a *pro se* plaintiff who asserts a claim against employees of the Nevada Department of Corrections ("NDOC") for violating their Eighth Amendment Rights to be free from cruel and unusual punish based on the failure to treat their Hepatitis-C ("HCV") while in the NDOC's custody. Each plaintiff asserts various past and current NDOC employees denied them treatment for their HCV because the severity of their illness did not meet the protocols mandated by the NDOC policy proscribed for the treatment of HCV known as "Medical Directive 219." (Hereinafter "MD 219"). In each case, the plaintiff claims that but-for the treatment protocols defined by MD 219, they would have received treatment under the current medical standard of care for the treatment of HCV. Finally, due the NDOC's failure to treat their HCV, each plaintiff asserts that they have, or will, develop various serious medical conditions – including, but not limited to, cirrhosis of the liver and/or liver cancer.

Although the plaintiffs are housed at various NDOC facilities across Nevada and their claims are alleged against many different current and former NDOC employees, each case requires discovery, and ultimately adjudication, of one core issue: whether the treatment protocols for HCV established by MD 219, (in both its current and past iterations), are constitutional. In other words, in each case, a primary question that must be litigated is whether the NDOC adopted, implemented and applied an improper medical policy establishing the treatment protocols for inmates diagnosed with HCV.

Pursuant to Fed. R. Civ. P. 42(a) and LR 42-1(b), where actions before the court involve "a common question of law or fact" the court may consolidate the actions, in whole or in part. This rule affords courts "broad discretion" to consolidate cases pending in the same district either on a motion by a party or *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987). In deciding whether consolidation is appropriate, the Court considers several factors including "judicial economy, whether consolidation would expedite resolution of the case, whether separate cases may yield inconsistent results, and the potential prejudice to a party opposing consolidation." *First Mercury Ins. Co. v. SQI, Inc.*, 2014 WL 496685, at *2 (W.D. Wash. Feb. 6, 2014) (citing 8 Moore's Federal Practice–Civil § 42.10[4–5]).

**Based on the foregoing, the court ORDERS the following:**

1. <u>Pretrial Consolidation</u>. Having considered the above factors, this Court concludes that consolidation of the cases identified in Attachment "1" is appropriate for the purpose of discovery and pretrial matters related to the issues regarding the adoption, implementation, amendment, and appropriateness of MD 219 (in all its iterations) and the treatment protocols established by the policy for inmates diagnosed with HCV. (Referred to herein as "HCV Consolidated Issues"). This order does not

constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

  b. <u>Master Docket and Case Caption</u>. The court orders the clerk to open and maintain a master docket and case file under the style "IN RE: HCV PRISON LITIGATION," master file number **3:19-cv-00577-MMD-CBC** to be used for all filings for the lead case related to the HCV Consolidated Issues. All orders, pleadings, motions and other documents will, when filed and docketed in the master file, be deemed filed and docketed in each other case. Finally, all orders, pleadings, motions, and other documents shall use the following caption:

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| IN RE: HCV PRISON LITIGATION | Master File No. |
|---|---|
| | 3:19-cv-00577-MMD-CBC |
| This document relates to: | |
| ["All Actions" or if the document relates to less than all of the consolidated cases, specify by title and case number the individual applicable case(s) the document is related to] | [Title of Document] |

When a document filed pertains to all actions, the phrase "All Actions" shall appear immediately after the phrase "This document pertains to:". When a document pertains only some, not all, of the actions, the document shall list, immediately after the phrase,

"This document relates to:", the title and case number for each individual action to which the document applies.

        c.      <u>Later Filed Cases</u>. The terms of this order related to the consolidation for purposes of discovery and pretrial matters in cases that involve claims by an incarcerated plaintiff against any past or current NDOC employees related to the denial of treatment for HCV shall apply to actions later instituted in, removed to, or transferred to this court, if and only if, those cases are assigned specifically to the Honorable Miranda M. Du and the undersigned magistrate judge and upon entry of a separate order by the court.

    2.    <u>Initial Conference</u>. The Court will conduct an initial conference on **Monday, October 21, 2019** at **10:00 a.m.**, in Courtroom 1, Bruce R. Thompson United States Courthouse and Federal Building, 400 South Virginia Street, Reno, Nevada.

        a.      <u>Attendance</u>. To minimize costs and facilitate a manageable conference, the parties will not attend this conference but shall be represented at the conference by their counsel or the Hep C liaison counsel, Adam Hosmer-Henner and Margaret A. Mcletchie, unless the party is proceeding *pro se* and is out of custody.

        b.      <u>Purposes; Agenda</u>. The conference will be held for the purposes specified in Fed. R. Civ. P. 16 and will be subject to the sanctions prescribed in Rule 16(f). The agenda for the initial conference is attached hereto at Attachment "2". Counsel are encouraged to advise the Court as soon as possible of any items that should be added to the agenda.

        c.      <u>Preparations for Conference</u>. Before the conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery and a suggested schedule for the amendment

of pleadings, extensions of time for discovery, consideration of any class actions allegations, motions, and whether a global settlement or mediation conference should be set in the cases identified in Attachment "1".[1]

**DATED**: October 9, 2019

_____
UNITED STATES MAGISTRATE JUDGE

**Attachments:**

1 – Case List

2 – Conference Agenda

---

[1] In preparation of the Initial Conference, the Court encourages counsel to review the Manual for Complex Litigation (Fourth), which may provide helpful guidance and information on the discovery issues and pretrial matters that may arise in this case.

5

# Attachment "1" - Case List

|    | Case No.              | Case Name                                           |
|----|-----------------------|-----------------------------------------------------|
| 1  | 2:17-CV-1627-MMD-CBC  | Reese v. Foxfulker, et. al.                         |
| 2  | 2:17-CV-1725-MMD-CBC  | Fields v. Neven, et. al.                            |
| 3  | 2:17-CV-2346-MMD-CBC  | Carley v. Neven, et. al.                            |
| 4  | 2:19-CV-0213-MMD-CBC  | Flynn v. Dzurenda, et. al.                          |
| 5  | 2:19-CV-0520-MMD-CBC  | Ciolino v. Dzurenda, et. al.                        |
| 6  | 3:16-CV-0676-MMD-CBC  | Nevarez v. Baca, et. al.                            |
| 7  | 3:17-CV-0278-MMD-CBC  | Fitzgerald v. Martin, et. al.                       |
| 8  | 3:17-CV-0612-MMD-CBC  | Savage v. Aranas, et. al.                           |
| 9  | 3:18-CV-0037-MMD-CBC  | White v. Aranas, et. al.                            |
| 10 | 3:18-CV-0149-MMD-CBC  | Olsen v. Nevada Department of Corrections, et. al.  |
| 11 | 3:18-cv-0218-MMD-CBC  | Bedard v. Nevada Department of Corrections, et. al. |
| 12 | 3:18-CV-0386-MMD-CBC  | Mulder v. Marks, et. al.                            |
| 13 | 3:18-CV-0464-MMD-CBC  | Thomas v. Dzurenda, et. al.                         |
| 14 | 3:19-CV-0300-MMD-CBC  | Klein v. Williams, et. al.                          |

# Attachment "2"

# Agenda Initial Case Management Conference

| Item No. | Topic |
|---|---|
| 1 | Consolidation Procedure Options:<br>• Entering Order re: Discovery and Pretrial Deadlines for All Cases<br>• Utilization of a Lead Case<br>• Consolidated Complaint<br>• Class Action Certification<br>• Master File Use |
| 2 | Appointment of Lead/Liaison Counsel |
| 3 | Litigation Deadlines/Limitations<br>• Adding Parties<br>• Amending Complaint(s)<br>• Filing Responsive Pleadings<br>• Outstanding Motions |
| 4 | Exemption/Modification of Local Rules and Inmate Discovery |
| 5 | Discovery Plan<br>• Coordination of Requests by Parties<br>• Stipulation of Use Discovery All Cases<br>• Sequencing of Discovery<br>• Written Discovery<br>• Depositions<br>• Experts<br>• Protective Order |
| 6 | Discovery Issues<br>• Document Repositories and Use of Discovery by ALL Parties<br>• Discovery Preservation<br>• Uniform Bates Labels/Numbering Systems<br>• Handling Disputes<br>• Resolution Process |

| | |
|---|---|
| 7 | Discussing Deadlines for Litigation Phases<br>- Deadlines for Discovery Types<br>- Filing of Discovery Motions<br>- If Class consideration, deadlines for filing certification motion |
| 8 | Consideration of Bellwether Case for Factual Determinations re: Consolidated Issues<br>- Motion for Injunctive Relief – Single Case/Evidentiary Hearing<br>- Dispositive Motion Deadlines/Timing<br>- Trial |
| 9 | Settlement<br>- Global Mediation |
| 10 | Follow Up Case Management Procedures |